CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **SAUNDERS MILES FRANKLIN,** ) | |
|    Petitioner, ) | Case No. 7:25-cv-00795 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **PATRICK JUDGE YEATTES,** ) | Senior United States District Judge |
|    Respondent. ) | |

## MEMORANDUM OPINION

Saunders Miles Franklin, a state pretrial detainee proceeding pro se, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the petition is **DISMISSED** without prejudice.

### I.   Background

According to the petition, Saunders is awaiting trial on two criminal charges. Pet., ECF No. 1, at 1. He is currently detained at Western State Hospital in Staunton, Virginia. Id. He alleges that he filed the petition because the state court judge, his defense attorney, and the prosecutor signed documents allowing him to be detained without being heard. Id. at 1–2. In his request for relief, Saunders states that he wants the judge to be fired and the attorneys to lose their licenses to practice law in Virginia. Id. at 8.

### II.   Discussion

The United States Court of Appeals for the Fourth Circuit has recognized that a state pretrial detainee may file a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (citing Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)). However, a petitioner is generally required to exhaust state court remedies before seeking federal habeas relief. Dickerson, 816 F.2d at 229; see also

Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005). "Although the text of § 2241 imposes no exhaustion requirement on petitioners seeking pretrial federal habeas relief, courts have grafted an exhaustion requirement onto § 2241, which is 'judicially crafted on federalism grounds in order to protect the state court's opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.'" Hartfield v. Osborne, 808 F.3d 1066, 1073 (5th Cir. 2015) (quoting Dickerson, 816 F.2d at 225).

In this case, Franklin acknowledges that he has not "filed any other petition, application, or motion about the issues raised in [his] petition." Pet. at 6. Consequently, it is clear from the petition that his claims for relief are unexhausted, and Franklin does not suggest that he "has no adequate remedy such that exhaustion would be futile." Wilson, 430 F.3d at 1118. Nor does he identify any "extraordinary circumstances" that would allow him to assert his claims without first exhausting state court remedies. See Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975) (explaining that a federal court should not exercise habeas jurisdiction at the pretrial stage in the absence of exhaustion "unless extraordinary circumstances are present"). Therefore, the court concludes that his petition must be dismissed without prejudice for failure to exhaust.[*]

Because "the detention complained of arises out of process issued by a State court," Franklin is required to obtain a certificate of appealability in order to appeal the dismissal of

---

[*] To the extent Franklin seeks to have the judge and attorneys fired or disciplined, such relief is not available under § 2241.

his § 2241 petition. 28 U.S.C. § 2253(c)(1)(A). When a district court dismisses a habeas petition on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because Franklin has not met this standard, the court declines to issue a certificate of appealability.

### III. Conclusion

For the reasons stated, Franklin's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** without prejudice for failure to exhaust state court remedies. The court declines to issue a certificate of appealability. An appropriate order will be entered.

Entered: November 17, 2025

Michael F. Urbanski
U.S. District Judge
2025.11.17 12:23:31
-05'00'

Michael F. Urbanski
Senior United States District Judge